I245-208014
4163291.1

ELECTRONICALLY FILED - 2017 Sep 26 2:01 PM - SPARTANBURG - COMMON PLEAS - CASE#2017CP4203463

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF SPARTANBURG | ) | |
| | ) | |
| Kelvin Brown, | ) | Case No. 2017-CP |
| | ) | |
| Plaintiffs, | ) | **SUMMONS** |
| | ) | (Jury Trial Requested) |
| Versus | ) | |
| | ) | |
| IAC Spartanburg, Inc., | ) | |
| Defendants. | ) | |

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is hereby served upon you, and to serve a copy of your Answer to the said Complaint to said Plaintiff's attorneys D. Nathan Hughey, A. Stuart Hudson and Bradley H. Banyas, at their office located at 1311 Chuck Dawley Blvd, Suite 201, Post Office Box 348, Mt. Pleasant, South Carolina 29465-0348, within thirty (30) days after the service hereof; exclusive of the day of such service; and if you fail to do so, judgment by default will be rendered against you for the relief demanded in the Complaint.

s/ A. Stuart Hudson
A.  Stuart Hudson (SC #71691)
D. Nathan Hughey (SC #68409)
Bradley H. Banyas (SC #101668)
Hughey Law Firm LLC
1311 Chuck Dawley Blvd., Suite 201
Post Office Box 348
Mount Pleasant, South Carolina 29464
Telephone: (843) 881-8644
Facsimile: (888) 884-8311
stuart@hugheylawfirm.com
nate@hugheylawfirm.com
brad@hugheylawfirm.com

Attorneys for the Plaintiff

September 26, 2017
Mount Pleasant, South Carolina



I245-208014
4163301.1

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF SPARTANBURG | ) | |
| | ) | |
| Kelvin Brown, | ) | Case No. 2017-CP |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **COMPLAINT** |
| Versus | ) | (Jury Trial Requested) |
| | ) | |
| IAC Spartanburg, Inc., | ) | |
| Defendants. | ) | |

The Plaintiff, Kelvin Brown ("Plaintiff"), complaining of the Defendant IAC Spartanburg, Inc. ("Defendant"), alleges as follows:

1.    That the Plaintiff is a citizen and resident of Spartanburg County, South Carolina.

2.    Upon information and belief IAC Spartanburg, Inc. is a corporation organized and existing under the laws of the State of South Carolina that regularly conducts business in Spartanburg County, South Carolina.

3.    Venue is proper in this court, and the court has both subject matter and personal jurisdiction over all claims and parties.

## GENERAL FACTS

4.    The Defendant at all times relevant to the Complaint, owned, operated, managed, controlled, and are responsible for the acts and omissions of the agents and employees of the IAC Spartanburg, Inc. entities.

5.    At all times, the Defendant and others were acting individually and as agents, servants, and/or employees of the IAC Spartanburg, Inc. entities and within the course and scope of their employment with the IAC Spartanburg, Inc. entities when they committed acts and omissions and the IAC Spartanburg, Inc. entities/Defendant is liable for their acts and/or omissions as well as the individuals being liable.

6.    The Defendant had the right and/or power to direct and control their employees and/or agents and they are personally, jointly and severally liable for the acts and omissions committed.

ELECTRONICALLY FILED - 2017 Sep 26 2:01 PM - SPARTANBURG - COMMON PLEAS - CASE#2017CP4203463

ELECTRONICALLY FILED - 2017 Sep 26 2:01 PM - SPARTANBURG - COMMON PLEAS - CASE#2017CP4203463

7.     This Court has personal and subject matter jurisdiction over this case and venue is proper in this Court.

8.     The Defendant owns and operates a business, which provides services to multiple chains.

9.     While employed by the Defendant, the Plaintiff was subjected to numerous unwanted sexual advances.

10.     Additionally, the Defendant allowed employees to continue to make these advances to Plaintiff despite being aware of the conduct.

11.     The Plaintiff brought these issues to the Defendant; however, the Defendant did nothing about the sexual advances and instead, placed the Plaintiff in an adverse employment position.

12.     Plaintiff was subjected to numerous additional acts of sexual harassment and ridicule.

13.     The Defendant did not take the appropriate action to stop these terrible acts and then placed the Plaintiff in an adverse employment position after he reported the conduct and statements.

14.     The Plaintiff has been damaged and continues to suffer greatly as a result of the Defendant's cruel, negligent, and unethical acts as well as their defamatory acts and statements.

### FIRST CAUSE OF ACTION
(Defamation - Slander *per se*)

15.     The Plaintiff repeats, realleges and incorporates by reference all other responses contained in this Complaint as fully as if set forth in their entirety in this Paragraph.

16.     The Defendant damaged the Plaintiff's reputation through actions and communications of false spoken messages to third parties regarding the Plaintiff which damaged the Plaintiff's reputation, including but not limited to statements made prior to the commencement of litigation, and continuing afterwards, regarding the Plaintiff.

17.     The Defendant's actions and/or statements were made with malice and/or the actions and/or statements are presumed to be made with malice.

18.     The actions and/or statements were defamatory *per se* in light of their nature and are further actionable *per se* in light of the subject matter of the actions and/or statements.

ELECTRONICALLY FILED - 2017 Sep 26 2:01 PM - SPARTANBURG - COMMON PLEAS - CASE#2017CP4203463

19.    The Plaintiff was damaged as a result of the Defendant's willful, wanton and reckless actions and is entitled to recover for damaged reputation, damaged contractual relations and emotional damages, fees, costs, and such other particulars as may be shown at trial and is further entitled to actual and punitive damages as a result.

## SECOND CAUSE OF ACTION
### (Defamation - Libel *per se*)

20.    The Plaintiff repeats, realleges and incorporates by reference all other responses contained in this Complaint as fully as if set forth in their entirety in this Paragraph.

21.    The Defendant damaged the Plaintiff's reputation through communications of false written messages to third parties regarding the Plaintiff which damaged the Plaintiff's reputation.

22.    The Defendant made the statements with malice and/or the statements are presumed to be made with malice and the statements were defamatory per se in light of their nature and are further actionable per se in light of the subject matter of the statements.

23.    The Plaintiff was damaged as a result of the Defendant's willful, wanton and reckless actions and is entitled to recover for damaged reputation, damaged contractual relations and emotional damages, fees, costs, and such other particulars as may be shown at trial and is further entitled to actual and punitive damages as a result.

## THIRD CAUSE OF ACTION
### (Violation of Civil Rights/Sexual Discrimination)

24.    The Plaintiff repeats, realleges and incorporates by reference all other responses contained in this Complaint as fully as if set forth in their entirety in this Paragraph.

25.    The Plaintiff is a member of a protected group on the basis of his sex. The Plaintiff was an employee for a position for which he was qualified. The Plaintiff was retaliated against based on his sex in violation of 42 U.S.C. Sec. 1981 and Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 200e et seq.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

26.    The Plaintiff performed his job in a satisfactory manner.

ELECTRONICALLY FILED - 2017 Sep 26 2:01 PM - SPARTANBURG - COMMON PLEAS - CASE#2017CP4203463

27.     The Plaintiff asserts that the Defendant's reasons for preferential treatment and retaliation were a mere pretext for the discrimination against the Plaintiff based on his sex.

28.     The Defendant was wanton, reckless and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

  a.  In conducting themselves in a manner which subjected the Plaintiff to sexually offensive statements and conduct;

  b.  In allowing an environment which exposed Plaintiff to repeated sexual harassment;

  c.  In failing to retain Plaintiff in proper employment positions and instead placing him in an adverse employment position;

  d.  In failing to take appropriate actions to deter its conduct which exposed the Plaintiff to the initial discriminatory acts and which continued;

  e.  In such other particulars which will be shown at trial.

29.     That in failing to protect the Plaintiff from sexual discrimination, preferential treatment or retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 200e et seq.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

30.     The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 200e et seq.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act by allowing the sexual discrimination, preferential treatment and retaliation to exist in the workplace.

31.     The Defendant's wrongful actions as set forth aforesaid constituted a hostile work environment for the Plaintiff. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 200e et seq.) by allowing a hostile work environment to exist regarding sexual discrimination in the workplace.

32.     The Plaintiff's sex was a determining factor in the disparate treatment of the Plaintiff. But for the Plaintiff's sex, he would not have received such treatment.

33.     After the Plaintiff's reports of discrimination and inappropriate behavior the Defendant placed the Plaintiff in an adverse employment position.

ELECTRONICALLY FILED - 2017 Sep 26 2:01 PM - SPARTANBURG - COMMON PLEAS - CASE#2017CP4203463

34.    Despite his reporting the inappropriate behavior, the Defendant did not take appropriate action to resolve the problems.

35.    As a direct and proximate result of Defendant's discrimination on the basis of his sex, the Plaintiff has suffered.

36.    The Defendant's employment discrimination of the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

37.    The Plaintiff is entitled to injunctive relief and/or civil damages from the Defendant as a result of the employment discrimination as alleged above.

38.    Due to the acts of the Defendant, its agents and employees, and the Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, reinstatement of benefits, front pay and punitive damages.

Wherefore, Plaintiff prays that the Court finds in favor of the Plaintiff on all Claims and award the Plaintiff all damages sought together with costs and fees, and such other relief as the Court deems proper.

s/ A. Stuart Hudson
A.  Stuart Hudson (SC #71691)
D. Nathan Hughey (SC #68409)
Bradley H. Banyas (SC #101668)
Hughey Law Firm LLC
1311 Chuck Dawley Blvd., Suite 201
Post Office Box 348
Mount Pleasant, South Carolina 29464
Telephone: (843) 881-8644
Facsimile: (888) 884-8311
stuart@hugheylawfirm.com
nate@hugheylawfirm.com
brad@hugheylawfirm.com

Attorneys for the Plaintiff

September 26, 2017
Mount Pleasant, South Carolina

5

I245-208014
4163304.1



## CSC

CHS / ALL
Transmittal Number: 17210469
Date Processed: 10/02/2017

# Notice of Service of Process

| | |
|---|---|
| Primary Contact: | Tami Stafford<br>International Automotive Components Group North America, Inc.<br>28333 Telegraph Rd<br>Southfield, MI 48034-1953 |
| Electronic copy provided to: | Kiel Smith |
| Entity: | IAC Spartanburg, Inc.<br>Entity ID Number 3478209 |
| Entity Served: | IAC Spartanburg, Inc. |
| Title of Action: | Kelvin Brown vs. IAC Spartanburg, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Discrimination |
| Court/Agency: | Spartanburg County Court of Common Pleas, South Carolina |
| Case/Reference No: | 2017-CP-4206463 |
| Jurisdiction Served: | South Carolina |
| Date Served on CSC: | 09/29/2017 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | A. Stuart Hudson<br>843-881-8644 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com